**In re Adeyemi O. JAIYESIMI and Olufunke E. Jaiyesimi, Debtors.**

**In re Sharlene De Ann Taylor, Debtor.**

**Bankruptcy Nos. 98–B–45592(CB), 98–44293(CB).**

United States Bankruptcy Court, S.D. New York.

July 8, 1999.

---

Albert H. Barkey, New York City, for debtors Adeyemi and Olufunke Jaiyesimi.

DC 37 Municipal Employees by Sheldon Barasch, New York City, for debtor Sharlene De Ann Taylor.

Law Offices of Jeffrey L. Sapir by Jody Kava, White Plains, New York, Chapter 13 Trustee.

New York Housing Authority by Glenda Fussa, New York City.

New York City Law Department, Office of Corporation Counsel by M. Diane Jasinski, Magda M. Deconinck, New York City.

## DECISION RE: PENSION LOAN REPAYMENTS AND PENSION CONTRIBUTIONS

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

This matter is before the Court by way of the Standing Chapter 13 Trustee for the Southern District of New York's ("Trustee") objections to confirmation of two Chapter 13 Debtors' reorganization plans and support of the Debtors' motions directing the Debtors' employers to discontinue pension contributions and pension loan repayments. In the observance of administrative efficiency, these two cases have been joined since the Debtors involved are employed by New York City administrative agencies and the Debtors have similarly voluntarily submitted their petitions for bankruptcy relief under Chapter 13 of the Bankruptcy Code. The Trustee believes the amounts in question are part of the Debtors' "disposable income" and should be included as property of the estate. The New York City Employees' Retirement System ("NYCERS") represented in these actions by Corporation Counsel of the City of New York ("Corporation Counsel"), opposes the motions in the belief that the Debtors' contributions and deductions are mandatory and not elective. This decision results from a hearing held on February 4, 1999, and the supporting motions, memoranda of law and transcript submitted to this Court.

## ISSUE

At issue is whether or not the Debtors' pension loan repayments and pension contributions are "disposable income" within the meaning of the Bankruptcy Code 11 U.S.C. § 1325(b).

## STATEMENT OF FACTS

### I. Jaiyesimi

Adeyemi O. Jaiyesimi and his wife Olufunke E. Jaiyesimi ("Jaiyesimi") filed a joint voluntary Chapter 13 petition on August 5, 1998. At the time of filing for bankruptcy relief, Mr. Jaiyesimi worked as a billing manager at Harlem Hospital in New York City receiving an annual salary of approximately $47,000. The proposed Jaiyesimi bankruptcy plan called for monthly payments to the Trustee of $675.00 for 60 months. Upon the Trustee's conducting of the Jaiyesimi's § 341(a) examination on September 17, 1998, the Debtors were advised that the Trustee would object to the confirmation of the plan. The Trustee posited that all of the Debtors' disposable income was not submitted because although the Debtors' Schedule I—Current Income of Individual Debtor—failed to indicate that the Debtors were making monthly pension contributions of $54.19 and repayments of a pension loan in the additional amount of $65.42, the Debtors' paystubs outlined the above deductions.

Before the formal objections to the plan's confirmation were filed by the

Trustee, the Debtors moved on October 19, 1998, to have the pension deductions cease. In opposition to the motion, Corporation Counsel, filed an objection that the pension contributions and pension loan deductions were not "disposable income," but were by statute mandatory payments.

## II. Taylor

Sharlene De Ann Taylor filed a voluntary Chapter 13 petition on June 15, 1998. At the time of filing, Ms. Taylor ("Taylor") was employed by the New York City Housing Authority as a secretary receiving an annual salary of $22,790.00. The proposed Taylor bankruptcy plan called for monthly payments of $250.00 for 36 months.

The Trustee at the § 341(a) examination on July 23, 1998, informed the Debtor that the plan's confirmation would be objected to on the basis that all of the Debtor's disposable income was not submitted. The Debtor's Schedule 1—Current Income of Individual Debtor—specified that the Debtor was paying $134.20 per month as a pension contribution and $43.55 as repayment of a pension loan. Before the Trustee was able to file formal objections to the plan's confirmation, the Debtor moved to have the pension contributions ceased. In opposition, Corporation Counsel filed an objection that the pension contributions and pension loan deductions were not disposable income, but were statutorily mandatory payments.

## DISCUSSION

### A. The Pension Loan Repayments

Generally under 11 U.S.C. § 1325(b)(1)(B), Debtors are obligated under their reorganization plans to fund to the property of the estate all of their disposable income. Under 11 U.S.C. § 1325(b)(1)(A) and (B), the Trustee in objecting to a plan's confirmation, enables the Court to approve the plan only if as of the effective date of the plan:

(A) the value of the property to be distributed under the plan on account of

such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Where the Debtors are not engaged in business (as in these cases), the Code defines "disposable income" as income "which is not reasonably necessary to be expended" (11 U.S.C. § 1325(b)(2)): "(A) for the maintenance or support of the debtor or a dependent of the debtor....". In both cases at bar, the Trustee has concluded that the contributions the Debtors are making to their pension plans and to repay their pension plan debt, fall within the statutory definition of disposable income.

Corporation Counsel posits, however, that the annual wage deductions from the Debtors' payrolls for the pension contributions are mandatory payments. Corporation Counsel relies on the language of § 613(a) N.Y. Retire. & Soc. Sec. Law (McKinney Supp.1996) which states:

> Members shall contribute three percent of annual wages to the retirement system in which they have membership. The head of each retirement system shall promulgate such regulations as may be necessary and appropriate with respect to the deduction of such contribution from members' wages and for the maintenance of any special fund or funds with respect to amounts so contributed.

The use of the mandatory "shall" within the language of § 613(a), appears to be drafted within the considered context of ongoing employment. The statute itself does not directly address the issue of continued or discontinued payments in the event of a worker filing for bankruptcy relief.

However, it is through relevant case law that direction is found for the interpretation of "disposable income" and the issue

148

of pension loan repayments. The Trustee points to the courts' decisions in such cases as *In re Harshbarger,* 66 F.3d 775 (6th Cir.1995), which nearly mirror the facts of this case. In *Harshbarger,* the Chapter 13 debtor continued to make payments to an ERISA retirement plan. The trustee objected to the bankruptcy plan on the same grounds as the case at bar. The court asserted that the contributions "may represent prudent financial planning, but it is not necessary for the "maintenance or support" of the debtors." *Id.* at 777 citing *In re Scott,* 142 B.R. 126, 133 (Bankr.E.D.Va. 1992). As a result, the funds were treated as disposable income.

Citing *In re Jones,* 138 B.R. 536, 539 (Bankr.S.D.Ohio 1991), the *Harshbarger* court illustrated further the equitable reasoning of this conclusion:

In these circumstances, "it would be unfair to the creditors to allow the Debtors in the present case to commit part of their earnings to the payment of their own retirement fund while at the same time paying their creditors less than a 100% dividend." [1]

The Trustee further relies on the court's analysis within *In re Goewey,* 185 B.R. 444 (Bankr.N.D.N.Y.1995). In that case, the Debtor was employed by the State of New York and filed for Chapter 13 bankruptcy relief. The Debtors were having monthly sums from their paychecks deducted to repay their retirement loan. The debate centered around the statutory interpretation of subsection (c) of § 517–C of the New York Retirement and Social Security Law. The statute applied the word "shall" in dictating the procedures to be followed in relation to member loans. It is interesting to note that the language in this section is parallel to the language of § 613–b(b) as used by Corporation Counsel in the issue at bar. However in *Goewey,* the court noted that, "the statute would appear to permit discontinuance of the Debtor's payroll deduction." *Id.* This is derived from the language of both § 517–C(c) and

§ 613–b(b) and (c) of the New York Retirement and Social Security Law which provided that payment can be made "by the borrower directly to the retirement board or through regular payroll deduction."

The Second Circuit has determined in the case of *In re Villarie,* 648 F.2d 810 (2d Cir.1981), that "the debtor's obligation to repay their retirement loan is not a 'debt' which gives rise to payment." Further, the *Goewey* court found that "By operation of law, the retirement board does not possess an allowable 'claim' based upon the unpaid amount of the debtors' retirement loan. As a result, it is not entitled to a distribution through the debtors' plan." *In re Goewey* at p. 447

The court in *In re Delnero,* 191 B.R. 539, 543 (Bankr.N.D.N.Y.1996), also held that pension loan repayments are to be considered disposable income to be included in the plan. The court, when faced with a letter from the debtor's employer which indicated that the repayment was mandatory, took the time to distinguish between "mandatory" and "a condition of employment." The court emphasized that "the letter does not indicate that repayment is a condition of A. Delnero's employment" *Id.* In the case at bar, although Corporation Counsel repeatedly mentions to this Court that repayment of a pension loan is mandatory, they have failed to demonstrated to this Court that repayment is a condition of employment.

In lieu of basing their arguments on case law, Corporation Counsel instead relies heavily in basing their argument in the fact that there may be tax consequence for failure of the debtors to continue their pension loan repayments. However, Corporation Counsel fails to provide specific documentation as to how the debtors in the case at bar would be affected, if any. The debtors in both cases at bar have not alleged any potential tax consequences which would adversely affect the plan to

1. *In re Harshbarger,* 66 F.3d 775, 778 (6th Cir.1995).

the detriment of the unsecured creditors. In fact, the debtors' tax returns indicate that in both cases the debtors have received tax refunds from both the Federal and State governments for the last two years. Further, this Court finds that tax consequences are fact sensitive and therefore, should be analyzed on a case by case basis.[2] This Court echoes the sentiments of the court in *In re Jones*, 138 B.R. at 539 (Bankr.S.D.Ohio 1991), which concluded that the repayment of pension loans must be considered disposable income and that 'to hold otherwise would be to convey a message to debtors contemplating bankruptcy that they may borrow against their retirement funds pre-petition and then insulate the repayment of those monies from their creditors post-petition.'

### B. The Pension Contribution

Corporation Counsel concedes that the majority of case law involving voluntary pension contributions to retirement funds where the creditors are receiving less than a 100% dividend hold that the contributions are disposable income. *See, In re Delnero*, 191 B.R. 539, 542 (Bankr. N.D.N.Y.1996); *In re Cornelius*, 195 B.R. 831, 835 (Bankr.N.D.N.Y.1995); *In re Moore*, 188 B.R. 671, 675 (Bankr.D.Idaho 1995); *In re Cavanaugh*, 175 B.R. 369, 373 (Bankr.D.Idaho 1994); *In re Ward*, 129 B.R. 664, 668 (Bankr.W.D.Oklahoma 1991).

The use of the mandatory language "shall" is Corporation Counsel's strongest argument in defense of why the contributions to the retirement funds should continue. However, as acknowledged by Corporation Counsel, if the Debtors ceased contributing to the retirement funds the debtors would not be forced to resign from their jobs. Trial Transcript of 02/04/99 ("Tr. Transcript") pp. 13 and Corporation Counsel's Memorandum of law p. 5. In fact, not only will the Debtors not lose their jobs but they will continue to enjoy the benefit of receiving service credit for the duration of their Chapter 13 reorgani-

zations. However, Corporation Counsel argues that there would be a deficit in the Debtors' contributions so that their pensions would be actuarially reduced. (Trial Tr. at pp. 13). While that may be the case, since the Debtors' can elect to buy back that time period when they are out of chapter 13, at a small percentage of interest, it is an option that should be weighed by debtors when contemplating bankruptcy. Based on the facts in the case at bar, this Court finds that the pension contributions are not conditions of employment and they can be discontinued. Therefore, the pension contributions are not mandatory.

### CONCLUSION

For the foregoing reasons this Court finds that pension loan repayments must be considered disposable income within the meaning of 11 U.S.C. § 1325 of the Bankruptcy Code which need to be included in the Debtors' plans. The Debtors should not be able to repay themselves while paying their unsecured creditors less than 100%. Further, repayment of pension loans in this Circuit is not a "debt" which gives rise to a right of repayment. Therefore, the pension loan deductions in both cases should be discontinued. Additionally, based on the facts in the case at bar, this Court finds that the pension contributions of these Debtors are not a condition of their employment and should be discontinued.

The Trustee shall settle an order on five (5) days notice reflecting the decision of this Court.

---

**2.** If the tax consequence, however, outweighs the benefit to the creditors, then some weight should be given to the tax consequence argument.