PATTERSON, District Judge:
Appellant New York City Employees’ Retirement System (“NYCERS”), joined by amicus curiae the National Association of Consumer Bankruptcy Attorneys, Inc. (“NACBA”), the State of New York, H. Carl McCall, Comptroller of the State of New York, and the New York State Teachers’ Retirement System (“NYSTRS”), appeals from the order of the United States District Court for the Southern District of New York (Alvin K. Heller stein, Judge), affirming the order of the bankruptcy court, which held that Ap-pellee Sharlene De Ann Taylor’s pension contributions to NYCERS are disposable income within the meaning of the Bankruptcy Code, 11 U.S.C. § 1325. For the reasons that follow, we vacate and remand to the district court.
BACKGROUND
Sharlene De Ann Taylor works as an employee for the New York City Housing Authority (“NYCHA”). As a city employee, Taylor is a member of NYCERS, a multi-employer benefit plan in the public sector. According to Taylor’s Schedule I— Current Income of Individual Debtor form, $134.20 per month is automatically deducted from her salary and placed in NY-CERS. On June 15, 1998, Taylor filed for Chapter 13 bankruptcy in accordance with 11 U.S.C. § 1325(b).[1] She is the debtor in this action. (Taylor will hereinafter be referred to as “Debtor.”) Debtor presented her Chapter 13 plan (“Plan”) to Jeffrey L. Sapir (“Trustee”), who objected to the Plan on the grounds that Debtor’s pension contributions are not reasonably necessary expenses and, therefore, need to be included in her disposable income. Pursuant to the Trustee’s objection to the Plan, Debtor filed a motion in bankruptcy court requesting an order that NYCHA and NYCERS “cease payroll deduction for pension contribution for the duration of the [bankruptcy] plan.”[2] NYCERS objected to Debt- or’s motion on the ground that pension contributions are mandated by state statutes [3] that require that certain public em *127 ployees participate as members of NY-CERS and that members contribute to the fund. Because membership and contributions are mandated by state statute, NY-CERS argued that the pension contributions are a reasonably necessary expense and, therefore, cannot be included as disposable income in the Plan.
On July 8, 1999, Bankruptcy Judge Blackshear of the Southern District of New York held that pension withholdings from a Chapter 13 debtor’s salary are disposable income and thus must be included in the Plan to pay outstanding debts and obtain discharge.[4] See In re Jaiyesimi, 236 B.R. 145 (Bankr.S.D.N.Y.1999). Judge Blackshear based his opinion on a finding that most cases hold that voluntary pension contributions to retirement funds are disposable income and a finding that pension contributions are not a condition of employment and therefore are not mandatory. “[I]f the Debtors ceased contributing to the retirement funds the debtors would not be forced to resign from their jobs.... Therefore, the pension contributions are not mandatory.” Id. at 149. The court found that because the contributions are not mandatory and can be discontinued, they are not a reasonably necessary expense. The court ordered NYCHA and NYCERS to “discontinue the Debtor’s Pension Contributions for the duration of the term of the Debt- or’s Chapter 13 Plan, or such earlier time as the Debtor’s case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.”
In August of 1999, NYCERS appealed the order of the bankruptcy court to the district court. On May 5, 2000, Judge Hellerstein of the Southern District of New York concluded, “The decision of the Bankruptcy Court that the debtor’s pension contributions and loan repayments are part of her disposable income pursuant to 11 U.S.C. § 1325(b) is affirmed.” In re Taylor, 248 B.R. 37, 42 (S.D.N.Y.2000). The court relied on In re Nation, 236 B.R. 150 (Bankr.S.D.N.Y.1999), in finding that “while payroll deductions may be considered mandatory in the sense that New York Retirement and Social Security Law and NYCERS regulations require deductions from a debtor’s pay regardless of a debtor’s wishes, such action may not be allowed to interfere with the creditors’ ‘entitlement to receive all of the debtor’s disposable income under Section 1325(b)(1)(B).’” Taylor, 248 B.R. at 41 (quoting Nation, 236 B.R. at 154). In finding that the contributions were not mandatory, the court also relied on the fact that Debtor would not be terminated if she did not make the contributions. Fi *128 nally, the court noted, “Although the City has the right to offset amounts owed the plan from salary and other benefits payable to the employee, the right to offset cannot be allowed to interfere with a Chapter 13 Bankruptcy Plan.” Id. at 41 (internal citations omitted). NYCERS appeals.
DISCUSSION
The Second Circuit decision in In re Duplan Corp., 212 F.3d 144 (2d Cir.2000) outlines the relevant standard for review.
A district court’s order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court. The Bankruptcy Court’s findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. See In re Colony Hill Assoc., 111 F.3d 269, 273 (2d Cir.1997). The Bankruptcy Court’s interpretation of the text of the Plan, the Confirmation Order, and the Final Decree are conclusions of law reviewed de novo. See Bellefonte Reins. Co. v. Aetna Cas. and Sur. Co., 903 F.2d 910, 912 (2d Cir.1990) (“The proper standard for appellate review of a pure textual construction by the district court, whatever the procedural posture of the case, is de novo.”).
Duplan, 212 F.3d at 151.
At issue here is whether the NYCERS employee pension contributions, required by N.Y. Retire. & Soc. Sec. Law § 613(a) (McKinney 2000), constitute “disposable income” within the meaning of the Bankruptcy Code. Section 1325(b)(2)(A) of the Bankruptcy Code defines “disposable income,” as is applicable here, as “income which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor.” The Bankruptcy Code does not define “reasonably necessary.” The parties, relying on several bankruptcy court cases, interpreted reasonably necessary to mean mandatory, as opposed to voluntary, and the dispute below was over whether or not the pension contributions are mandatory. Both parties argue for a bright line rule: Appellant argues that pension contributions are required by state statute and, thus, are mandatory and should not be included as disposable income; Appellees argue that pension contributions are not truly mandatory and, thus, are not reasonably necessary and should be included as disposable income. A survey of the relevant cases reveals case law on both sides of the debate. In their briefs, the parties relied mainly on two bankruptcy court cases, each of which concluded with a different holding. Those cases merit a brief discussion here.
The ease of In re Nation, 236 B.R. 150 (Bankr.S.D.N.Y.1999), presented .facts that are nearly identical to those before this Court. A city employee subject to NY-CERS pension contributions filed for Chapter 13 bankruptcy, and the court had to determine whether the pension contributions should be included as disposable income. The court held that the NYCERS pension contributions, though required by state statute, are not truly mandatory and, therefore, must count as disposable income. The court based its ruling on the doctrine of preemption, reasoning that the mandatory state law conflicts with the Bankruptcy Code and, therefore, the Code preempts the state law. See Nation, 236 B.R. at 154 (“National'policy codified in a statute of Congress such as the Bankruptcy Code must be given primacy over local enactments and private contracts.”).
In addition to the preemption theory, the court based its decision on the argument that the contributions are not reasonably necessary within the plain meaning of § 1325(b) and that holding otherwise would benefit debtors at the expense of other creditors.
In addition to the clear language of the statute, most courts have perceived an *129 inherent unfairness in a debtor paying himself by funding his own savings account, retirement plan, or pension fund while paying creditors only a fraction of them just claims. For these reasons the great majority of courts have held under Section 1325(b) that funds contributed to savings or pension plans constitute “disposable income” that must be paid to creditors under a plan if the plan is to be confirmed.
Id. at 152 (collecting cases). The court also noted that the contributions are not mandatory “in any material, consequential sense,” because the discontinuance of the contributions would not result in the loss of one’s job. Id. at 153.
The case of In re Davis, 241 B.R. 704 (Bankr.D.Mont.1999), presented similar facts but reached an opposite conclusion to Nation. The court in Davis found that the doctrine of preemption did not apply and instead based its decision on an analysis of the definition of “reasonably necessary.” See Davis, 241 B.R. at 707. In rejecting Nation’s use of the doctrine of preemption, the court noted that it had no reason to apply the doctrine because the state statute, read with the above definition of reasonably necessary, did not actually conflict with the Code. See id. at 708. Furthermore, the court found no evidence of a congressional intent to preempt. See id. at 709. Rather than rely on a preemption theory, the court based its decision on the interpretation of “reasonably necessary.” See id. (“[T]he use of a phrase such as ‘reasonably necessary’ appears to invite the Court to look at the circumstances of each case and each individual debtor, and his or her obligations under State law or contract to determine whether such obligations are in fact reasonably necessary for the support of debtors and their dependents.”). The court reasoned that the deductions were required by state law and that, because the debtor’s job was obviously reasonably necessary to his maintenance and support, the deductions were therefore reasonably necessary and could not be included as disposable income.
Rather than adopt either strict rule, this Court opts for a more flexible solution. It is within the discretion of the bankruptcy court judge to make a decision, based on the facts of each individual case, whether or not the pension contributions qualify as a reasonably necessary expense for that debtor. If the bankruptcy judge finds that the contributions are a reasonably necessary expense for an individual debtor based on the circumstances confronting that debtor, they will not be included in the figure for disposable income, and the pension contributions will continue. Conversely, if the judge finds that the contributions are not a reasonably necessary expense for an individual debtor based on the circumstances confronting that debtor, they will be included in the figure for disposable income, and the contribution deductions will be ordered discontinued for the duration of the Plan.[5]
In making this determination of whether or not pension contributions are reasonably necessary for an individual debtor, the bankruptcy judge may consider any factors properly before the court, including but not limited to: the age of the debtor and the amount of time until expected retirement; the amount of the monthly contributions and the total amount of pension contributions debtor will have to buy back if the payments are discontinued; the likelihood that buy-back payments will jeopardize the debtor’s fresh *130 start; the number and nature of the debt- or’s dependants; evidence that the debtor will suffer adverse employment conditions if the contributions are ceased; the debt- or’s yearly income; the debtor’s overall budget; who moved for an order to discontinue payments;[6] and any other constraints on the debtor that make it likely that the pension contributions are reasonably necessary expenses for that debtor. Administrative inconvenience to NYCERS and NYCHA, however, is not to be considered. The impact on the administrator of the fund is irrelevant in determining whether or not the pension contribution is a reasonably necessary expense to an individual debtor.
CONCLUSION
Accordingly, we VACATE and REMAND to the district court for further proceedings consistent with this opinion.

.Section 1325(b) states, in relevant part:
(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
(B) the plan provides that all of the debtor’s projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.
(2) For purposes of this subsection, "disposable income” means income which is received by the debtor and which is not reasonably necessary to be expended—
(A) for the maintenance or support of the debtor or a dependent of the debtor....

. The Trustee himself did not file a formal objection with the court because the Debtor filed the motion.

. N.Y. Retire. & Soc. Sec. Law § 600(b)(1) (McKinney 2000) requires that certain public employees become members of NYCERS:
b. [Piersons who on or after July first, nineteen hundred seventy-six:
1. Enter the employment of a public employer which participates for such employees in the New York city employees' retirement system ... shall be required to become members or shall be eligible or ineligible for membership in such retirement system or pension fund in the manner provided for by the relevant provi *127 sions of the New York city administrative code and other relevant laws and rules and regulations....
The applicable law mandating membership is N.Y.C. Admin. Code § 13-104(1):
[T]he membership of the retirement system shall consists of:
1. All persons in city-service, as defined in this title, in positions in the competitive or labor class of the civil service, who en-tered [sic] or reentered such service after the first day of October, nineteen hundred twenty, whose compensation is at a rate not less than eight hundred forty dollars per an-num, and who completed or shall complete six months of city-service after such entrance or re-entrance.
As an employee of NYCHA, Debtor’s job qualifies as a "city-service” position. N.Y.C. Admin. Code § 13 — 101 (3)(b).
The N.Y. Retire. & Soc. Sec. Law § 613(a)(1) (McKinney 2000) mandates that NYCERS members make pension contributions:
[M]embers shall contribute three percent of annual wages to the retirement system in which they have membership. The head of each retirement system shall promulgate such regulations as may be necessary and appropriate with respect to the deduction of such contribution from members' wages and for the maintenance of any special fund or funds with respect to amounts so contributed.

. The bankruptcy court opinion also ruled on the case of Adeyemi O. and Olufunke E. Jaiye-simi, a case not at issue here. In addition, the opinion considered both pension loan repayments and pension contributions. Only the pension contributions are at issue on appeal.

. The NACBA has advocated a similar position in its amicus brief to this Court. See Brief for Amicus Curiae NACBA at 8 (suggesting that whether a particular expenditure is reasonably necessary should be decided on a case-by-case basis). One bankruptcy court has already adopted such a discretionary rule in this context. See In re Awuku, 248 B.R. 21, 29 (Bankr.E.D.N.Y.2000) (adopting a discretionary rale as to whether pension contributions are reasonably necessary expenses); see also In re Mills, 246 B.R. 395 (Bankr.S.D.Cal.2000) (rejecting a per se rule and determining that a voluntary contribution to a 401(k) plan was reasonably necessary on the facts of that case).

. The fact that a debtor makes a motion to discontinue contribution deductions can be significant. A debtor may make such a motion because she desires speedy approval of her plan and may decide that pension contributions are not reasonably necessary for her. If an individual debtor does not consider the contributions to be a reasonably necessary expense and believes that she can buy back the discontinued payments post-bankruptcy, this is a relevant factor. If, however, a debtor moves to discontinue payments simply because the trustee threatens to object, this may not be as reflective of whether the debtor believes the contributions are reasonably necessary expenses.